## POSS *v.* HUFF *et al.*

1. One of the issues being whether or not the defendant had used undue influence to induce his mother to execute to him a deed to realty, evidence that the " defendant several times put his head in his hands in his mother's presence and said he was going way off to the mountains," to which she replied, " not to do that, that things would get better," standing alone, was inadmissible; and certainly was insufficient to show that undue influence was used.
2. No other evidence to show undue influence having been offered, it was error to charge that if the execution of the deed was not the free act of the grantor, but the result of a substitution of the will of another for her own, the deed should be cancelled.

3. The charges as to the defendent's alleged insolvency, and as to failure of consideration in the deed in controversy, were irrelevant to the case as presented by the pleadings and evidence. The grounds of the motion for a new trial not covered by the preceding notes present no question of material importance.

April 27, 1896.   Argued at the last term.

Equitable petition.   Before Judge Reese.   Oglethorpe superior court. · April term, 1895.

*Samuel H. Sibley,* for plaintiff in error.
*Hamilton McWhorter,* contra.

SIMMONS, Chief Justice.

Mary S. Poss executed to her son, John C. Poss, a conveyance of certain land, reciting therein that it was made "in consideration of the natural love and affection which she bears toward the said John C. Poss, and for the consideration that the said John C. Poss has been a most affectionate son, caring for party of the first part and providing for her wants and demands during her widowhood." At her death the grantor left eight children, including the grantee; and four of these children filed an equitable petition for the purpose of obtaining a cancellation of the deed, on the ground that at the time of its execution the grantor was of feeble mind and that the grantee obtained it by the exercise of undue influence.   The jury found in favor of the plaintiffs, and there was a motion for a new trial by the defendant, which was overruled, and he excepted.

1. It is complained in the motion for a new trial, that the court erred in allowing one of the plaintiffs to testify, over the objection of the defendant, that the "defendant several times put his head in his hands in his mother's presence and said he was going way off to the mountains," and that his mother replied, "not to do that, that things would get better."   We think the objection to this testimony ought to have been sustained.   Standing by itself, it does not show undue influence.   It shows merely that the son was despondent and that his mother sought to cheer

him. It is not connected in any manner with the execution of the deed in question. In fact the witness added that she did not remember when or where these remarks were made, or in what connection they were made. They seem to us to have been totally irrelevant to the issue on trial.

2. The court charged the jury: "The second contention of plaintiffs is, that the deed was procured by undue influence of defendant upon his mother. If you find that the execution of said deed was not the free act of the grantor and there was not an assent of both parties to the contract, but that it was the result of a substitution of the will of another for that of the grantor and the contract of but one of the parties, I charge you that the deed should be cancelled." This is alleged to be error because not authorized by the evidence. We have carefully read the evidence sent up in the record, and find that the testimony referred to in the preceding division of this opinion was the only testimony offered to show undue influence; and that testimony, as we have shown, does not even tend to show undue influence. The exception to this part of the charge is therefore well taken.

3. The court also charged: "The fourth contention of the plaintiffs is, that the deed should be cancelled because the consideration thereof has failed and the defendant is insolvent and unable to respond in damages. The defendant denies these contentions of the plaintiffs, the result of which is that if you believe that the deed was not the result of fraud or undue influence practiced by the defendant, was made by a person competent to contract, and was without failure of consideration, I charge you it is a valid deed." This is alleged to be error because there was no evidence authorizing any charge upon the matter of failure of consideration and insolvency. This exception is well taken. The consideration of the deed, as expressed therein, was the natural love and affection of the grantor for her son, the

grantee, and his having been an affectionate son, caring for her and providing for "her wants and demands during her widowhood." The charge as to insolvency and failure of consideration was therefore wholly irrelevant to the case.

Other grounds of the motion than those above dealt with present no question of material importance.

*Judgment reversed.*